Ferrante *v.* L. J. Smith Co. et al., Appellants.

Argued September 25, 1934.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Joseph J. Tunney,* for appellants.

*George Maxman,* and with him *John M. DiSilvestro,* for appellee.

PER CURIAM, November 22, 1934:

Claim was made on behalf of Francescapaola Impicciatore, widow of Guiseppe Impicciatore, also known as Joseph Bigatore, for compensation because of the death of her husband, who was accidentally killed while in the course of his employment with the defendant, L. J. Smith Company. The claimant was, and is, a non-resident. Her claim is accordingly governed by section 307, paragraph 7, and section 310 of the Workmen's Compensation Act, to wit: "No compensation shall be payable under this section to a widow, unless she was living with her deceased husband at the time of his death, or was then actually dependent upon him for support" (section 307-7); and "Compensation under this article to alien dependent widows and children, not residents of the United States, shall be two-thirds of the amount provided in each case for residents" (section 310).

The referee refused to allow compensation. The Workmen's Compensation Board reversed and awarded compensation, finding, inter alia: "From the evidence of record we find that claimant was the lawful wife of defendant's deceased employee; that their separation was solely for the purpose of enabling decedent to have employment and that there was no repudiation of decedent's legal obligation to support his wife; that during the period of their separation and up to the time of his accidental death claimant was actually dependent upon decedent for support;

that he provided partial support by allowing her the use of a piece of land he owned in Italy and that he also made remittances to her amounting to about 2,000 lire yearly. Other than the support provided by her husband claimant had no means of maintenance."

There is ample evidence to support the finding; and were we the fact-finding body,—which we are not—we would agree with the board rather than the referee. In any event, we are bound by the board's findings of fact, if there is evidence to support them.

The judgment is affirmed at the costs of the appellants.